NOT YET SCHEDULED FOR ORAL ARGUMENT

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | |
|---|---|
| American Free Enterprise Chamber of Commerce,<br><br>Petitioner,<br><br>v.<br><br>U.S. Environmental Protection Agency,<br><br>Respondent. | No. 25-89<br>Consolidated with<br>No. 25-1475<br>No. 25-1480 |

**EPA'S MOTION TO DISMISS**

EPA moves to dismiss these consolidated petitions as moot. A recent statute enacted under the Congressional Review Act invalidated the agency rule challenged in these petitions, which means Petitioners have already obtained from Congress the full remedy they sought from this Court. The Court should therefore grant the States' pending motion to intervene and dismiss the petitions as moot.

Petitioners have informed the undersigned counsel that they do not oppose dismissal on the ground that the recent Congressional Review Act resolution invalidating the relevant waiver makes their challenges moot. Petitioners will file a response to fully state their position on the motion. Intervenors have informed the undersigned counsel that they reserve their right to file a response.

## The Petitions Are Moot

The petitions for review challenge a preemption waiver that EPA issued under Section 209(b) of the Clean Air Act, 42 U.S.C. § 7543(b), for a set of California vehicle-emissions regulations. "California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The 'Omnibus' Low NOx Regulation; Waiver of Preemption; Notice of Decision," 90 Fed. Reg. 643 (Jan. 6, 2025).

Section 209(a) of the Clean Air Act provides that "[n]o State . . . shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles or new motor vehicle engines." 42 U.S.C. § 7543(a). But under Section 209(b), EPA can waive preemption for California's emission standards in certain limited circumstances. *Id.* § 7543(b)(1).

In 2022, California requested an EPA preemption waiver for its Omnibus Low NOx Regulation, which establishes criteria pollutant exhaust emission standards for new 2024 and subsequent model year on-road medium- and heavy-duty engines and vehicles. "California State Motor Vehicle Pollution Control Standards and Nonroad Engine Pollution Control Standards; The 'Omnibus' Low NOx Regulation; Request for Waivers of Preemption; Opportunity for Public Hearing and Public Comment," 87 Fed. Reg. 35765 (June 13, 2022) (notice of public hearing and comment). EPA granted the waiver in December 2024. 90 Fed. Reg. at 644. Three sets of petitioners

timely petitioned for review of that rule, contending that it was unlawful. *See, e.g.*, Case No. 25-89, ECF No. 1 at 3 (Jan. 6, 2025) (Petition for Review). These cases have been in abeyance since almost their inception.

In May 2025, Congress passed a bipartisan joint resolution under the Congressional Review Act disapproving the challenged preemption waiver. *See* 5 U.S.C. § 802; H.R.J. Res. 89, 119th Cong. (2025). Soon after that, the President signed the resolution into law. Pub. L. No. 119-17, 139 Stat. 67 (2025). The enacted statute spells out the waiver's demise:

> Resolved by the Senate and House of Representatives of the United States of America in Congress assembled*,* That **Congress disapproves the rule** submitted by the Environmental Protection Agency relating to "California State Motor Vehicle and Engine and Nonroad Engine Pollution Control Standards; The "Omnibus" Low NOX Regulation; Waiver of Preemption; Notice of Decision" (90 Fed. Reg. 643 (January 6, 2025)), **and such rule shall have no force or effect**.

Pub. L. No. 119-17 (emphases added).

The challenged waiver, in short, has been invalidated by statute. *See Ctr. for Biological Diversity v. Bernhardt*, 946 F.3d 553, 562–64 (9th Cir. 2019) ("By enacting the Joint Resolution, Congress . . . deprived the . . . Rule of any force or effect."). That invalidation, in turn, means that "there is no longer a possibility that [Petitioners] can obtain relief" from this Court. *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (internal quotation marks omitted). These petitions are thus moot.

To be sure, California (and other states), which has intervened here, sued the United States in federal district court, arguing that the statute invalidating the waiver should be struck down. *California v. United States*, Case No. 25-4966 (N.D. Cal.).[1] But the existence of California's baseless allegations in a separate district-court lawsuit does not absolve this Court from its duty to dismiss these petitions on the ground that the challenged waiver has been voided by statute. This Court should resolve that question now.

And it should conclude that the petitions are moot. After all, Acts of Congress, including the statute here, are presumed valid. *See United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963). And it could not be clearer that the joint resolution moots these petitions by nullifying the challenged EPA rule, which now "ha[s] no force or effect." Pub. L. No. 119-17. This Court must therefore dismiss these petitions because it "lacks jurisdiction to hear moot cases." *In re Pattullo*, 271 F.3d 898, 900 (9th Cir. 2001) (internal quotation marks omitted); *see id.* ("If a case becomes moot while pending on appeal, it must be dismissed.").

---

[1] California's motion to intervene was granted in the lead case, No. 25-89, ECF No. 10. California filed separate motions to intervene in the consolidated cases, Nos. 25-1475, 25-1480. Insofar as those motions have not been resolved through intervention in No. 25-89, they should be granted.

In sum: The Court should enter an order dismissing these petitions as moot on the ground that Public Law No. 119-17 voided the challenged EPA preemption waiver.

Submitted on August 13, 2025.

ADAM R.F. GUSTAFSON
  *Acting Assistant Attorney General*

ROBERT N. STANDER
  *Deputy Assistant Attorney General*

<u>*/s/ Jeffrey Hughes*</u>
Daniel R. Dertke
Jeffrey Hughes
U.S. Department of Justice
Environment & Natural Res. Div.
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0994 (Dertke)
(202) 305-4598 (Hughes)
Daniel.Dertke@usdoj.gov
Jeffrey.Hughes@usdoj.gov

**Certificates of Service and Compliance**

I certify that this filing complies with Fed. R. App. P. 27(d)(1)(E) because it uses 14-point Times New Roman, a proportionally spaced font.

I also certify that this motion complies with Fed. R. App. P. 27(d)(2)(A), because by Microsoft Word's count, it has 850 words, excluding the parts exempted under Fed. R. App. P. 32(f). I further certify that this motion complies with Circuit R. 27-1(d) because it does not exceed 20 pages.

Finally, I certify that on August 13, 2025, I filed the foregoing with the Court's ACMS system, which will notify each represented party.

*/s/ Jeffrey Hughes*
Jeffrey Hughes